IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHANIEL LARRY,<br><br>        Petitioner,<br><br>  v.<br><br>J. GRONDOLSKY,<br><br>        Respondent. | Civil Action No. 08-6380 (JBS)<br><br>**MEMORANDUM**<br>**OPINION** |

SIMANDLE, District Judge:

    1.  On December 24, 2008, the Clerk received from Petitioner Nathaniel Larry a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on a § 2241 form, which Petitioner signed on December 17, 2008.  The Petition challenges the loss of good conduct time as a disciplinary sanction.

    2.  The Petition raises one ground: "THE ADMINISTRATIVE OFFICER AT PRISON APPEAL REVIEW COMMITTEE STATED THAT THE APPEAL WAS UNTIMELY."  (Pet. ¶ 14.a.)  For factual support, Petitioner relies on the attached Memorandum of Points and Authorities.

    3.  The attached Memorandum of Points and Authorities raises one legal issue: "WAS THE PETITIONERS ADMINISTRATIVE APPEAL TO THE FEDERAL BUREAU OF PRISONS STAFF MEMBER AT FEDERAL CORRECTIONAL INSTITUTE, FORT DIX TIMELY UNDER HOUSTON V. LACK, 487 US 266, 101 L.Ed. 2d 245, 108 S.Ct 2379."  (Mem. of Points and Authorities, attached to Pet.)

    4.   Section 2241 of Title 28 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless - . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

    5.   A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  The Habeas Rules require the habeas petition to specify the grounds for relief and state the facts supporting each ground.  See 28 U.S.C. § 2254 Rule 2(c) & (d), applicable to § 2241 petitions through Habeas Rule 1.

    6.   Habeas Rule 4 requires the assigned judge to sua sponte dismiss a petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4.

7.   The Supreme Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
>    A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted."  § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

8. The United States Court of Appeals for the Third Circuit has found summary dismissal without the filing of an answer warranted when "none of the grounds alleged in the petition would entitle [the petitioner] to relief," United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, see United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

9. The Petition presently before this Court will be dismissed without prejudice pursuant to Habeas Rule 4 because the Petition does not assert ground(s) showing that Petitioner is in custody in violation of the Constitution, laws or treaties of the United States, as required by 28 U.S.C. § 2241(c)(3) and Habeas Rule 2(c)(1).

10. The accompanying Order will be entered.

**January 15, 2009**                                     **s/ Jerome B. Simandle**
Date                                                              JEROME B. SIMANDLE
                                                                  U.S. District Judge